IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN MINNIG,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 07-2648 |
| | : | |
| **PNC BANK,** | : | |
| **Defendant.** | : | |

**M E M O R A N D U M**

**STENGEL, J.**                                                                                               **August 28, 2008**

This is an employment discrimination case.  The plaintiff, Karen Minnig, is accusing the defendant, PNC Bank, N.A. ("PNC Bank"), of engaging in age discrimination if violation of the Age Discrimination in Employment Act ("ADEA") and the Pennsylvania Human Relations Act ("PHRA").  The defendant has filed a motion for summary judgment arguing that the plaintiff was fired for a legitimate nondiscriminatory reason.  For the reasons discussed below, I will grant the defendant's motion for summary judgment.

**I.      BACKGROUND**

Plaintiff has been working in the banking industry for over thirty years.  She began working as a part-time teller for Industrial Valley Bank in 1974.  Two years later, plaintiff became a full-time bank teller at Cement National Bank, which after several buy-outs was taken over by PNC Bank.  Plaintiff was promoted to head teller within one year of her full-time employment.

As head teller, plaintiff performed the duties of a teller and also had supervisory

responsibilities. In addition to her own teller responsibilities, plaintiff was responsible for monitoring, scheduling and training the tellers. She was also responsible for performing cash balancing[1] and batching[2] functions each day. Tellers were expected to have their paperwork match what was placed on the computer systems and were responsible for cash balancing their drawers at the end of each day. If there is a discrepancy of $5.00 of more between the cash in the teller's drawer and the calculated figure reflected in the bank's computer system, a teller was required to recount and notify the head teller. (Minnig Dep. 44:5-14, 45:17-20).

In November 2003, plaintiff was transferred from the Bath, Pennsylvania branch office to a branch in Belfast, Pennsylvania. The branch manager, plaintiff's supervisor, was initially Joan Pysher until she was replaced by Kate Blanchett in January 2005. Plaintiff and Ms. Blanchett had differing views regarding customer service. Ms. Blanchett felt that the bank policies should always be followed, while the plaintiff felt that some exceptions could be made to accommodate long-time customers.

In January 2005, the plaintiff requested a transfer to a different branch so that she would be closer to home. Plaintiff spoke to the individual who handled employee placement, Pat Malcolm and told him that she wanted to take a demotion in order to be transferred to another branch as a teller. Plaintiff also told Mr. Malcolm that if she did

---

[1] Cash balancing is the process of fine counting, calculating, and settling the final cash figure at the end of the day. (Dziekan Dec. ¶ 3).
[2] Batching requires a teller to assign different transactions into seven separate bins at the time of the transaction. As the teller processes the transactions throughout the day the bank's computer system keeps track of the number of transactions in each bin. (Dziekan Dec. ¶ 3).

not get the position, she would probably retire.[3]

Plaintiff was terminated the following day. Plaintiff was allegedly terminated for force balancing[4] her drawer. A customer had come to the drive-through at the close of the shift and wanted to cash a check drawn from PNC Bank, but the check would not run through the system. Since it was a PNC check, plaintiff decided to take cash from her drawer to give to the customer, and would take care of the check in the morning. The following morning the check ran through the system with no problem. The plaintiff knew that her drawer would not balance out with the system at the end of the day, so she left the check in her drawer to account for the missing cash. Plaintiff contends that Ms. Blanchett was aware of what happened and did not intervene or provide any support on what should been done to correct the situation.

PNC Bank had a written policy prohibiting force balancing, which was available to employees on its Intra Web and also in hard copy. Force balancing is considered a dishonest act, and employees who are found to have engaged in force balancing are no longer employable under PNC Bank's Code of Ethics. Since plaintiff filed her charge of discrimination, PNC Bank has fired eight employees for force balancing in Northeast Pennsylvania, the region plaintiff was employed. Five of those employees were under the

---

[3] Plaintiff also contemplated retirement and had contacted the company's pension department for paperwork several months prior to requesting a transfer.

[4] Force Balancing is manipulating a teller's cash figures to force the cashbox into balance. Under no circumstances should a teller, teller supervisor, manager or regional manager force balance. Force balancing will result in disciplinary action up to and including termination. (Written Policy - Dziekan Dec. ¶ 4).

age of forty.

Plaintiff maintains that she was fired due to her age and that the force balancing claim is a pretext. She has been employed by PNC Bank or its affiliates for over thirty years and insists that firing her without warning and for such a "flimsy reason" is nothing more than a pretext for age discrimination. She was allegedly replaced by a younger woman from another branch.

Plaintiff originally filed the instant action in the Court of Common Pleas of Northampton County. It was removed from the Court of Common Pleas and filed in this court on June 6, 2007 alleging a violation of the ADEA and PHRA. Specifically, plaintiff asserts claims for disparate treatment, disparate impact and hostile work environment.[5] Defendant filed the present motion for summary judgment on February 29, 2007.

## II.   STANDARD OF REVIEW

Summary judgment is appropriate when "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). The moving party initially bears the burden of showing the absence of a genuine issue of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). Where the non-moving party bears the burden of proof on a particular issue at trial, the moving

---

[5] Plaintiff does not specifically include a Count in her Complaint for a hostile work environment, however she does state in her supporting memorandum of law that she was harassed by the branch manager. Defendant's motion for summary judgment includes a hostile work environment claim analysis. As such, I will rule on the merits of the claim.

-4-

party's initial Celotex burden can be met simply by demonstrating "to the district court that there is an absence of evidence to support the non-moving party's case." Id. at 325. A fact is "material" only when it could affect the result of the lawsuit under the applicable law, see Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986), and a genuine issue of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the non[-]moving party." Id. The moving party must establish that there is no triable issue of fact as to all of the elements of any issue on which the moving party bears the burden of proof at trial. See In re Bessman, 327 F.3d 229, 237-38 (3d Cir. 2003) (citations omitted).

After the moving party has met its initial burden, "the adverse party's response, by affidavits or otherwise as provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." FED. R. CIV. P. 56(e); see also Williams v. West Chester, 891 F.2d 458, 464 (3d Cir. 1989). A motion for summary judgment looks beyond the pleadings and factual specificity is required of the party opposing the motion. Celotex, 477 U.S. at 322-23.

The non-moving party may not merely restate allegations made in its pleadings or rely upon "self-serving conclusions, unsupported by specific facts in the record." Id. Rather, the non-moving party must support each essential element of its claim with specific evidence from the record. See id. If the parties' evidence contradicts, the non-moving party's evidence must be taken as true. Pastore v. Bell Tel. Co., 24 F.3d. 508,

512 (3d Cir. 1994).

A district court analyzing a motion for summary judgment "must view the facts in the light most favorable to the non-moving party" and make every reasonable inference in favor of that party. Hugh v. Butler County Family YMCA, 418 F.3d 265, 267 (3d Cir. 2005) (citations omitted). Summary judgment is therefore appropriate when the court determines that there is no genuine issue of material fact after viewing all reasonable inferences in favor of the non-moving party. See Celotex, 477 U.S. at 322.

## III. DISCUSSION

### A. The ADEA Framework

The ADEA generally protects workers over the age of 40 from employment discrimination based on their age. See 29 U.S.C. § 621 *et seq*. Courts analyze ADEA claims using the burden-shifting procedure set forth in McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802-4 (1972). Stanziale v. Jargowsky, 200 F.3d 101, 105 (3d Cir. 2000). A plaintiff asserting a claim of age discrimination bears the burden of initially establishing a prima facie case of discrimination by a preponderance of the evidence. Sarullo v. United States Postal Serv., 352 F.3d 789, 797 (3d Cir. 2003). To establish a prima facie case of age discrimination, a plaintiff must demonstrate that "(1) [he or she] is over forty, (2) is qualified for the position in question, (3) suffered from an adverse employment decision, and (4) that [his or her] replacement was sufficiently younger to permit a reasonable inference of age discrimination." Potence v. Hazleton Area Sch.

Dist., 357 F.3d 366, 370 (3d Cir. 2004).

If the plaintiff makes its initial showing, the burden shifts to the defendant to articulate some legitimate and nondiscriminatory reason for the employer's decision. Sarullo, 352 F.3d at 797. Should the defendant meet its burden, the presumption of a discriminatory action raised by the prima facie case is rebutted. Id. The plaintiff must then demonstrate by a preponderance of the evidence that the employer's articulated reason was merely a pretext for discrimination, and not the actual motivation behind its decision. Id.

**B.     Defendant's Position**

Defendant argues that all of the plaintiff's claims are fundamentally flawed and should be dismissed on summary judgment. As for the disparate treatment claims under the ADEA and PHRA, defendant contends that the plaintiff cannot show that her firing for force balancing was pretext designed to cover up PNC Bank's intentional age discrimination. First, plaintiff admitted at her deposition that she cashed a customer's check without processing it the same day and that she knew the amount in her teller drawer did not equal the final figures she had inputted into PNC Bank's computer system. By not accounting for the cash that she paid out on the unprocessed check, plaintiff was force balancing: she manipulated the actual amount in her teller drawer to equal the amount on the computer system. Second, she admitted that she was aware of PNC Bank's written policy, which prohibited force balancing and stated that an

employee could be discharged for violating this policy.  Third, plaintiff admitted that she previously told another teller not to engage in the very same conduct that she engaged in because it was "wrong" and she did not want her co-worker "losing her job." (Minnig Dep. 105:18-106:7, 136:14-16).

Defendant contends that plaintiff cannot establish that PNC Bank's policy banning force balancing had a disparate impact on older workers.  The plaintiff has not submitted any evidence to demonstrate that the policy had a disproportionate impact on employees who are over forty years old.  In fact, the majority of PNC Bank employees in the plaintiff's territory were discharged for force balancing during this time frame were younger than forty.

Regarding her hostile work environment claim, plaintiff alleges her branch manager harassed her by discussing work-related issues and problems with her that no prior manager had ever addressed with her.  Plaintiff admitted during her deposition testimony that her branch manager did not harass her and that she was not subjected to any discriminatory remarks.  Instead, plaintiff testified that she disagreed with her branch manager's refusal to bend PNC Bank's policy against cashing insurance checks, which plaintiff admittedly did for certain customers in violation of the bank's policy. Defendant asserts that plaintiff is unable to establish that her disagreement with her branch manager was related to her age or that the she endured regular and pervasive harassment in order to support her hostile work environment claim.

### C.  Plaintiff's Position

Plaintiff contends that she was fired because of her age.  She was employed as a teller for more that thirty years and then suddenly, she was working for a new younger manager, who wanted a younger staff, and was fired.  The termination came the day after she inquired about a transfer and retirement.  Further, the plaintiff had requested additional pension papers several months prior to being fired.

The termination was carried out on a peremptory basis.  Plaintiff was presented a PNC Bank check near the close of business and the check would not run through the system.  However, because the check had been drawn on PNC Bank, plaintiff knew that there was money in the payor's account to cover the check.  So she took money from her cash drawer to cash the check for the customer, and ran the check through the system the next morning when the system was up again.

The bank lost no money.  The transaction settled out and there were no problems.  However, the plaintiff was still terminated.  She was fired with no warning and without progressive discipline.  Further, her replacement was a younger woman which plaintiff asserts leads to an inference of age discrimination.  Plaintiff contends that her firing under these circumstances gives rise to a great deal of scrutiny and proves that PNC Bank's force balancing reason for firing plaintiff was pretext for age discrimination.

### D.  Analysis

The ADEA applies to the plaintiff in this case because she was born on April 7, 1948, and was therefore over the age of 40 at the time of the alleged discrimination. The plaintiff was a qualified head bank teller as exhibited by her nearly thirty years in the position. Further, plaintiff was terminated by the defendant on February 8, 2005 and her replacement was sufficiently younger than her. The plaintiff has established a prima facie case of unlawful discrimination.

Defendant has stated that the legitimate nondiscriminatory reason for the plaintiff's termination was force balancing. This ground for termination was specifically stated in the employee manual and the plaintiff was aware of the seriousness of the offense and its consequences. Further, plaintiff admitted that she cashed the check without balancing her drawer at the end of the day.

To establish pretext, the plaintiff is required to prove that the defendant's stated nondiscriminatory reason either: (1) was a *post hoc* fabrication aimed at camouflaging intentional age discrimination; or (2) was not the motivation behind the defendant's decision to discharge her. Fuentes v. Perskie, 32 F.3d 759, 764 (3d Cir. 1994). To discredit the employer's articulated reason, the plaintiff must point to weaknesses, implausibilities, inconsistencies, incoherencies, or contradictions in the employer's proffered legitimate reasons such that a reasonable factfinder could rationally find them unworthy of credence. Id.

There is not a genuine issue of material fact regarding the plaintiff's disparate

treatment claim. The plaintiff was fired for force balancing. She knew that force balancing was grounds for termination and she admitted to accepting a check before the close of business and not balancing her drawer with the computer system. There is no evidence to show that the plaintiff was treated any differently than her co-workers based on her age. The fact that the plaintiff has over thirty years of experience, inquired about retirement and was replaced by a younger employee does not prove that her firing for force balancing was a pretext for age discrimination. PNC Bank's written policy was clear. They forbid force balancing and considered it a dishonest act. Employees who were found to have engaged in force balancing were no longer employable under PNC Bank's Code of Ethics. The plaintiff was not treated any differently from her similarly situated co-workers. I will grant the defendant's motion for summary judgment on the disparate treatment claim.

There is not a genuine issue of material fact concerning the plaintiff's disparate treatment or hostile work environment claims. A plaintiff can establish disparate impact by showing that a facially neutral employment practice had a "significantly discriminatory impact" on the protected group. Myers v. Delaware County Community College, No. 05-5855, 2007 WL 1322239, *10 (E.D. Pa. March 9, 2007). The plaintiff did not submit any evidence or statistical support to show that PNC Bank's policy of terminating employees for force balancing has a disparate impact on employees over the age of forty. In fact, five of the eight employees who were fired by PNC Bank for force balancing, during the

relevant time period, within the Northeast region, were under the age of forty. Defendant's policy was age neutral and did not have a significantly discriminatory impact on employees over the age of forty. I will grant the defendant's motion for summary judgment on the disparate impact claim.

Plaintiff has failed to show that she was subjected to a hostile work environment. To establish a prima facie case for an age hostile work environment claim under the ADEA and PHRA, the plaintiff must prove that (1) the defendant subjected her to intentional discrimination because of her age; (2) the alleged conduct was pervasive and regular; (3) the alleged conduct detrimentally affected her; (4) the alleged conduct would detrimentally affect a reasonable person of her same age and position; and (5) respondent superior liability exists. Fries v. Metropolitan Management Corp., 293 F. Supp.2d 498, 504 (E.D. Pa. 2003). The plaintiff must show that the workplace is "permeated with discriminatory intimidation, ridicule and insult that is sufficiently severe or pervasive to alter the conditions of her employment. Harris v. Forklift Systems, Inc., 510 U.S. 17, 21 (1993).

Plaintiff has not demonstrated that the branch manager intentionally discriminated against her because of her age or that the alleged discrimination was pervasive and regular. Plaintiff claimed that her branch manager harassed her by confronting her with issues and problems that she had never been asked or confronted about in the past. Plaintiff admitted that her issues with the branch manager were "not so much harassment"

but that "we just disagreed on" some things and that "it was one of those things where you just knew that you didn't get along with one another." (Minnig Dep. 60:15-61:5). The only disagreement that plaintiff could identify was on one occasion the branch manager had a discussion with her concerning her decision to cash a customer's insurance check. This type of behavior does not constitute a hostile work environment. The limited reference to harassment and the plaintiff's own admission that it was "not so much harassment" show that this behavior was not regular and pervasive and certainly did not detrimentally affect the plaintiff. I will grant defendant's motion for summary judgement regarding the hostile work environment claim.

## IV.  CONCLUSION

For the reasons discussed above, I will grant the defendant's motion for summary judgement.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KAREN MINNIG,** | : | **CIVIL ACTION** |
| **Plaintiff,** | : | |
| | : | |
| v. | : | NO. 07-2648 |
| | : | |
| **PNC BANK,** | : | |
| **Defendant.** | : | |

**O R D E R**

**STENGEL, J.**

    **AND NOW**, this 28th day of August, 2008, upon consideration of defendant's Motion for Summary Judgment (Document #17), it is hereby **ORDERED** that the motion is **GRANTED**.

BY THE COURT:


/s/ Lawrence F. Stengel
LAWRENCE F. STENGEL, J.

-14-